Slip Op. 11 - 35

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| v. | : Before: R. Kenton Musgrave, Senior Judge |
| SWEET LITTLE MEXICO CORP., | : Court No. 10-00374 |
| Defendant. | : |
| | |
| INTERNATIONAL FIDELITY INS. CORP., | : |
| Plaintiff, | : |
| v. | : Court No. 09-00236  (on Reserve Calendar) |
| UNITED STATES, | : |
| Defendant. | : |

**OPINION AND ORDER**

[Granting in part motion to consolidate.]

Dated: April 4, 2011

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Michael D. Snyder* for 10-00374 and *Alexander Vanderweide* for 09-00236), for the United States.

*The Law Office of Lawrence W. Hanson, P.C.* (*Lawrence W. Hanson*), for Sweet Little Mexico Corporation.

      *Meeks, Sheppard, Leo & Pillsbury* (*Taylor Pillsbury* and *Michael B. Jackson. Jr.*), for International Fidelity Insurance Corporation.

      Musgrave, Senior Judge: This opinion grants in part motion(s) for consolidation filed by Sweet Little Mexico Corp. ("SLM").[1] Jurisdiction on Court Nos. 09-00236 and 10-00374 is here pursuant to 28 U.S.C. § 1581(a) and §1582(1), respectively.

### *Background*

      A central issue of fact is common to both actions: whether 70 (approximately) entries of peanut products imported into the U.S. from Mexico by SLM "between" (*i.e.*, possibly as early as) December 2005 through October 2006 were entitled to preferential duty treatment under the North American Free Trade Agreement ("NAFTA"). International Fidelity Insurance Corporation ("IFIC") acted as surety to secure payment of any customs duties thereon.

      In Court No. 10-00374, the U.S. Customs and Border Protection ("CBP") disputes the country of origin of the peanut products and accuses SLM of negligence, either gross or ordinary, in their importation. The government seeks a maximum penalty equal to either the domestic value of the involved merchandise (allegedly $2,320,332.75), 19 U.S.C. § 1592(c)(2)(A)(i), or two times the loss of lawful duties, taxes and fees (allegedly $2,296,859.31), 19 U.S.C. § 1592(c)(3)(A)(ii).

      In Court No. 09-00236, IFIC filed a summons to contest CBP's denial of its protest that the peanut products were entitled to NAFTA duty preference. As the statutory condition to

---

[1] SLM is not a party to Court No. 09-00236 but has "moved" therein for consolidation. *See* Proposed Consolidated Plaintiff Sweet Little Mexico Corp.'s Motion to Consolidate, Court No. 09-00236 (USCIT Feb. 28, 2011), ECF No. 8. Only a party may make a motion in a particular case. *E.g.*, *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061 (D.C. Cal. 1999).

suing on that denial, *see* 28 U.S.C. § 2637(a), IFIC paid the duties demanded by CBP but it has yet to file a complaint. Court No. 09-00236 is currently on the Court's Reserve Calendar.

SLM disputes that it did not provide CBP with sufficient documentation to support its NAFTA claims in Court No. 10-00374. Its motion for consolidation with Court No. 09-00236 is governed by USCIT Rule 42(a), which has been characterized as providing "broad discretion" to grant or deny a motion therefor. *See Manuli, USA, Inc. v. United States*, 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987).

Generally speaking, consolidation is appropriate if there are common questions of law or fact, if it will promote economy of resources, and if it will avoid inconsistent results, inconvenience, unnecessary expense, or delay. *See*, *e.g.*, *Brother Industries, Ltd. v. United States*, 1 CIT 102 (1980); *H.E. Lauffer Co., Inc. v. United States*, 81 Cust. Ct. 165, C.R.D. 78-16 (1978). Joinder of issue need not have occurred in advance of consolidation. *See Schultz v. Manufacturers & Traders Trust Co.*, 29 F. Supp. 37 (W.D. N.Y. 1939) (holding motion to consolidate actions involving "common question of law or fact" not premature where "it appeared what the issues were" although issue had not been formally joined in either action). On the other hand, consolidation is not appropriate where a party would be prejudiced thereby, *e.g.*, *Federal-Mogul Corp. v. United States*, 16 CIT 206, 788 F. Supp. 1223 (1992), or where the number of dissimilar issues outweigh those in common, *e.g.*, *id.*, or where consolidation carries the "potential for an unwieldy or chaotic proceeding," *e.g.*, *John S. Conner, Inc. v. United States*, 69 Cust. Ct. 305, C.R.D. 72-18 (1972).

In this instance, SLM argues for consolidation in order to conserve both the court's and the parties' resources. IFIC's opposition is simply stated (*see infra*), while the government

opposes for four reasons: (1) SLM could itself have protested CBP's classification determination but chose not do so and should not now be allowed to "circumvent" the protest procedures of 19 U.S.C. § 1514 through the instant motion to consolidate; (2), the common issue of proper customs classification is of lesser importance than the central issue in the penalty action (gross or ordinary negligence); (3) consolidation would prejudice the government by forcing it to act as both plaintiff and defendant; and (4) the motion "seeks to coerce IFIC to litigate its currently dormant protest action as an aid to SLM's defense" and would put IFIC in conflict with 19 U.S.C. § 1514, the statute governing protests against CBP.[2] *E.g.*, Pl.'s Resp. to Def.'s Mot. to Consol. at 3-4 (Court No. 10-00234) (referencing, *inter alia*, *Federal-Mogul Corp.*, 16 CIT at 207, 788 F. Supp. at 1224 ("making [a party] both a plaintiff and defendant in the consolidated case . . . is a situation generally to be avoided")) (referencing in turn *Atkinson v. Roth*, 297 F.2d 570, 575 (3rd Cir. 1961) therefor).

## *Discussion*

As mentioned, both actions involve an overriding question of fact. After considering the arguments, the court concludes consolidation for trial of that issue would not prejudice the government or IFIC and is appropriate. A consolidated trial of the issue does not amount to a "bootstrapping" of SLM onto IFIC's protest in circumvention of the statutory protest procedure pursuant to 19 U.S.C. § 1514, nor does SLM appear to be "coercing" or "colluding" with (depending

---

[2] A protest by a surety which has an unsatisfied legal claim under its bond may be filed within 180 days from the date of mailing of notice of demand for payment against its bond. If another party has not filed a timely protest, *the surety's protest shall certify that it is not being filed collusively to extend another authorized person's time to protest as specified in this subsection*.

19 U.S.C. § 1514(c)(3) (government's italics).

on perspective) IFIC to litigate a customs protest, as the government would characterize it. *See*, *e.g.*, Pl.'s Response to Def.'s Mot. to Consolidate at 3 (Court No. 10-00374). Indeed, it is difficult to discern any collusion from the fact that SLM was summonsed here--which is action by the *government*, not the other way around--and IFIC's moves to this point seem rather indicative of pure self interest. IFIC's incentive to further litigate on the protest is only commensurate with whatever remains of its duty towards SLM, and SLM, in turn, cannot directly intervene in the protest action. SLM's interest in witnessing success in that suit is obvious, but that does not equate to collusion.

Likewise, the contrary (if not inconsistent) suggestion of coercion is also speculative. IFIC itself has alleged none, and its actions are, to repeat, rather indicative of pure self interest. IFIC only opposes consolidation on the ground that its action on the protest is different from the penalty action against SLM (involving defense "against an additional monetary penalty") and on the ground that SLM "is in a better position to substantiate its NAFTA claim." Pl.'s Opp. to SLM's Mot. to Consol. at 1-2, Court No. 09-00236, ECF 8. Neither point militates against consolidated trial of the common issue.

IFIC contends nonetheless that "once [Court No.] 10-00374 has been adjudicated, this matter [Court No. 09-00236] may proceed without duplicative litigation in the interests of 'judicial economy'." *Id*. (citation omitted). That is far from assured, however, at least at this early stage. *See Parklane Hosiery v. Shore*, 439 U.S. 322, 330-31 (1979) (a trial court has "broad discretion" on when offensive collateral estoppel is to be applied, and "in cases where a plaintiff could easily have joined in the earlier action or where . . . the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel").

Also, there is no apparent prejudice to either IFIC or the government in litigation of the common issue in one particular forum. The government argues against acting as both "plaintiff" and "defendant" through consolidation, but it is the complexity of particular litigation and its potential for jury confusion that determines such prejudice, not facially conflicting nomenclature *per se*. *See, e.g.*, *Atkinson v. Roth*, 297 F.2d at 575 (*supra*, note 2). *Cf.* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, 6 *Fed. Prac. & Proc. Civ.* § 1431 (3d ed. Supp. 2010) ("[a]s is true in the counterclaim context, the general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps"). The matters at bar do not appear overly complex or beyond the capabilities of this humble, albeit specialized, court, and although the government is nominally a plaintiff in one action and a defendant in the other, the parties' interests on their respective sides are properly aligned over the common issue of fact that is appropriate for consolidated trial.

### *Conclusion*

The court therefore concludes that a consolidated trial of the factual issue common to both actions will avoid the potential for inconsistent results in separate trials and will promote judicial economy. Court No. 09-00236 and Court No. 10-00374 shall therefore be, and they hereby are, consolidated in part, to the extent and for the purpose of trial on whether the entries above described were entitled to preferential duty treatment under NAFTA.

In the further interest of resource economy, this opinion and order shall render moot SLM's motion in Court No. 10-00374 for leave to file a "response" (in the nature of a reply; which motion has yet to be fully briefed) to the government's opposition to consolidation.

Court Nos. 09-00236 and 10-00374                                                                                    Page 7

       The relevant parties shall file a complaint and answer in Court No. 09-00236 as soon as practicable, and Court Nos. 09-00236 and 10-00374 shall retain their separate identities for the purpose of rendering any respective judgments.

       **So ordered**.

                                                 /s/  R. Kenton Musgrave
                                           R. KENTON MUSGRAVE, Senior Judge

Dated: April 4, 2011
       New York, New York